JOSEPH PONCE, Appellant, v. CHARLES McELVY, Respondent.

No. 4841; November 2, 1875.

**Appeal—Contradictory Evidence in Record.**—The practice of the supreme court is to refrain from disturbing a finding of fact, made by the trial court and supported by evidence in the record, merely because the evidence on the point is contradicted by other evidence also appearing in the record.

**Evidence.—Questions as to the Mere Credibility of Opposing Witnesses** and as to the weight to be given this or that one of conflicting statements are for the trial court.

APPEAL from Fourteenth Judicial District, Nevada County.

G. N. Sweezy and Caldwell & Caldwell for appellant; Belcher & Belcher and Niles Searles for respondent.

See Ponce v. McElvy, 47 Cal. 154; 51 Cal. 222.

By the COURT.—One of the defenses relied upon is that the plaintiff sold and transferred the Le Coat note and mortgage mentioned in the complaint to Neville, and the court below found the fact to be that in the year 1865 "the plaintiff sold, assigned and transferred the note and mortgage described in the complaint to one R. Neville, who thereupon became and was the owner and holder thereof in his own right, and not as a pledge or trust." It was conceded by the counsel who represented the appellant at the argument that the judgment below must be affirmed if there is evidence in the record which supports this finding.

It is the settled practice of this court not to disturb a finding of fact, made by the trial court and supported by

evidence in the record, merely because the evidence upon the point is contradicted by other evidence also appearing in the record.

Questions concerning the mere credibility of opposing witnesses and the consequent weight to be attached to their respective statements, when fairly in conflict, are matters for the determination of the trial court, where, in the nature of things, the opportunities for a correct determination in that respect are superior to those afforded in an appellate court.

We think that the application of this rule must operate an affirmance of the judgment in this case. Without attempting a detailed review of the evidence given for the defendants, it is sufficient to say that Henry Powell distinctly testified at the trial that the plaintiff admitted to him that he had sold the Le Coat note and mortgage to Neville, and that Neville had cheated him in the transaction.

Now, the credibility of this evidence was sharply assailed at the argument in this court, as it doubtless was in the court below, and a variety of circumstances are referred to going to show that it is unworthy of belief. But if the court below, notwithstanding all this, believed Powell, we cannot, under the rule referred to, disturb its conclusion in that respect.

Judgment and order denying a new trial affirmed.

Mr. Justice Niles, being disqualified, did not sit in this cause.